## APRIL TERM, 1771.

### STEWART *et. al. vs.* CHISWELL.

TROVER for a *negro slave* named *Rachel*, brought in Frederick county court on the 5th of October 1767. The defendant pleaded *not guilty*, and the *act of limitations.*

The defendant, at the trial, proved that *Daniel Stew-art*, to whom the plaintiffs are executors, said and de-clared in the year 1765, or 1766, that he had given the negro woman named *Rachel*, aforesaid, to his son *Daniel*, (of whom the defendant purchased,) and that *Daniel*, the son, led the negro away out of the plantation, and returned her the same day to *Daniel*, the father, to use, who had possession of her at the time the above decla-ration was made, and to the time of his death, by the overseer of the said *Daniel*: and it was also proved, that the said negro was on the lands of the said *Daniel* at the time of his death, and was deemed by the said overseer to be the property of the said *Daniel* whilst under his management. The plaintiffs counsel prayed the court to direct the jury, that the same gift was void. But the county court was of opinion, and directed the jury, that the gift was valid. To which opinion and di-rection of the county court, the plaintiffs excepted; and the verdict and judgment being for the defendant, the plaintiffs appealed to this court.

*Stone*, for the appellants, contended, that a parol gift, without actual delivery, would not transfer the property —2 *Stra.* 955.

By the act of assembly of July, 1729, *ch.* 8, *s.* 5, it is enacted, "that no goods or chattels, whereof the vendor, "mortgagor or donor, shall remain in possession, shall "pass, alter or change, or any property thereof be "transferred to any purchaser, mortgagee or donee, un-"less the same be by writing, and acknowledged before "one provincial justice, or one justice of the county "where such seller, mortgagor, or donor shall reside, "and be within twenty days recorded in the records of "the same county; *Provided always*, that nothing in this "act shall extend, or be construed to extend, to make "void any such sale, mortgage or gift, against such sel-"ler, mortgagor or donor, his executors, administrators "or assigns only, or any claiming under him, her or "them."

By the act of assembly of October 1763, *ch.* 13, *s.* 2, it is enacted, that " no negro, or other slave, whereof "the donor shall retain the use and possession, shall pass, "alter or change, or any property thereof be transferred "to any donee, unless the gift be by writing, under the "hand and seal of the donor, and acknowledged before "one provincial justice, or one justice of the county "where the donor shall reside, and recorded in the "records of the same county within twenty days from "the time of the execution thereof; *Provided always*, "that nothing herein contained shall extend, or be con-

strued to extend, to make void any parol gift of any "negro, or other slave, where there shall be an express "delivery of such slave in pursuance of such gift, and "where the sole use and possession of the same shall be "transferred to the donee, nor to make void any bequest "of any negro, or other slave, by any last will and tes- "tament."

Since the above acts of assembly two things are es- sentially necessary to constitute and make valid a parol gift of a negro.

*First.* That there should be an express delivery in pursuance of the gift.

*Secondly.* That the sole use and possession should be transferred.

If this gift should be construed a good gift, it would be very facile to elude the act, and render it entirely in- effectual and nugatory; in *hoc modo* two persons acquaint- ed with it, and with an intention to elude, agree pri- vately that the one shall give a negro to the other, before witnesses, and make delivery, and the donee takes him away, and on the same day re-delivers him— This construction would be introductive of, instead of suppressing, all the mischiefs recited and intended to be remedied by the two acts of assembly.

*Johnson,* contra, contended, that it was a good gift independent of the acts of assembly; that an implied de- livery was sufficient at common law. He referred the court to *Strange,* 955, in support of this position.

A personal chattel may be transferred, and the gift take effect at a future day. It may be transferred with a reservation of the use until a certain and fixed period or point of time, or upon a contingency.

Here was an interruption of the possession of the giv- er, and an act of dominion exercised by the donee, so as to demonstrate an intention in one to transfer, and the other to accept.

There is no precise or particular time limited for the donee to continue in possession before he can lend to the donor.

THE PROVINCIAL COURT *reversed* the judgment of the County Court, and ordered a new trial at bar.